[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCT 15, 2008
THOMAS K. KAHN
CLERK

_____

No. 07-13019

_____

D.C. Docket No. 06-00266-CR-E

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

versus

PAUL EUGENE WEBSTER,

Defendant–Appellant.

_____

Appeal from the United States District Court
for the Middle District of Alabama

_____

**(October 15, 2008)**

Before BARKETT and WILSON, Circuit Judges, and GOLDBERG,* Judge.

PER CURIAM:

_____

* Honorable Richard W. Goldberg, Judge, United States Court of International Trade,
sitting by designation.

Paul Webster appeals his conviction for possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). Prior to trial, Webster indicated his intention to present two theories of defense: justification for and innocent possession of the firearm in question. The government argued that neither defense was applicable under the circumstances of this case. All of the issues raised by Webster on appeal essentially relate to whether these defenses were applicable. We conclude that the district court did not err in finding that they were not.

A justification defense is available to a felon-in-possession charge under § 922(g)(1) "in only extraordinary circumstances." United States v. Deleveaux, 205 F.3d 1292, 1297 (11th Cir. 2000). To support a justification defense, a defendant must show:

> (1) that the defendant was under unlawful and present, imminent, and impending threat of death or serious bodily injury; (2) that the defendant did not negligently or recklessly place himself in a situation where he would be forced to engage in criminal conduct; (3) that the defendant had no reasonable legal alternative to violating the law; and (4) that there was a direct causal relationship between the criminal action and the avoidance of the threatened harm.

Id.

First, Webster failed to present any evidence of a "present, imminent, and impending threat of death or serious bodily injury." Webster claimed that he had

2

been in possession of the firearm because he was taking it to give to a friend after the attempted kidnaping of his friends' daughter. However, the kidnaping attempt occurred the day before he retrieved the rifle and the police were already investigating the matter. These circumstances do not constitute a "present, imminent, and impending threat of death or serious bodily injury" and also indicate that there was a reasonable legal alternative to violating the law. Thus, there was no basis for an instruction on the justification defense.

Similarly, the district court did not err in denying an innocent possession defense because this Court has not recognized the availability of this defense to § 922(g)(1). United States v. Palma, 511 F.3d 1311, 1316 (11th Cir. 2008). The majority of circuits that have considered it have declined to recognize it. Id. at n.3 (collecting cases). The only circuit that has permitted it has done so only when (1) the firearm was attained innocently and held with no illicit purpose; (2) possession was transitory in light of the circumstances; and (3) the defendant had the intent to turn the firearm over to the police. United States v. Mason, 233 F.3d 619, 624 (D.C. Cir. 2000). Webster never proffered any evidence of intent to turn the gun over to police. Thus, Webster's proffer did not provide the necessary evidentiary support for an instruction on innocent possession.

**AFFIRMED.**